UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MYRA BURNETT,

    Plaintiff,

v.                                     Case No: 2:16-cv-431-FtM-CM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## ORDER

This matter comes before the Court upon review of Plaintiff's Application for Attorney Fees under the Equal Access to Justice Act ("EAJA") (Doc. 25). Plaintiff moves pursuant to the EAJA, 28 U.S.C. § 2412(d), for an award of attorney's fees of $5,065.14. Doc. 25 at 1.[1] Plaintiff attaches an itemization of time confirming a total of 23.16 hours worked at a rate of $190.35 per hour in 2016 and 3.35 hours worked at a rate of $196.01 per hour in 2017. *Id.* at 8-9. The Commissioner of the Social Security Administration (the "Commissioner") does not object to the amount of fees requested. Doc. 26 at 1. The Commissioner objects to Plaintiff's request to assign her EAJA fees directly to her counsel. *Id.* After seeking and obtaining leave of Court, Plaintiff filed a reply brief to the Commissioner's response. Docs. 27, 28, 29.

---

[1] The page numbers here indicate the CM/ECF page numbers.

Under the EAJA, a claimant is eligible for an attorney fee award where: (1) the claimant is a prevailing party in a non-tort suit involving the United States; (2) the Government's position was not substantially justified; (3) the claimant filed a timely application for attorney's fees; (4) the claimant had a net worth of less than $2 million at the time the complaint was filed; and (5) there are no special circumstances which would make the award of fees unjust. 28 U.S.C. § 2412(d).

On January 9, 2017, the Court granted the Commissioner's Unopposed Motion for Entry of Judgment under Sentence Four of 42 U.S.C. § 405(g) with Reversal and Remand of the Cause to the Defendant (Doc. 22) and reversed and remanded this case to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Doc. 23. Judgment was entered on January 10, 2017. Doc. 24. Plaintiff asserts the Commissioner's position in the underlying action was not substantially justified, she is the prevailing party and the amount of attorney's fees requested is reasonable. Doc. 25 at 3-6. The Commissioner does not contest Plaintiff meets the requirements under the EAJA, and the Court finds all conditions under the EAJA have been met. Doc. 26.

EAJA fees are "based upon prevailing market rates for the kind and quality of services furnished," not to exceed $125.00 per hour unless the Court determines that an increase in the cost of living or a special factor justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). Determination of the appropriate hourly rate is thus a two-step process. The Court first determines the prevailing market rate; then, if the prevailing rate exceeds $125.00, the Court determines whether to adjust the hourly rate.

*Meyer v. Sullivan*, 958 F.2d 1029, 1033-34 (11th Cir. 1992). The prevailing market rates must be determined according to rates customarily charged for similarly complex litigation, and are not limited to rates specifically for social security cases. *Watford v. Heckler*, 765 F.2d 1562, 1568 (11th Cir. 1985).

Plaintiff's counsel is requesting adjusted hourly rates of $190.35 in 2016 and $196.01 in 2017 after applying the cost-of-living adjustment to the $125.00 ceiling for work performed in 2016 and 2017. Doc. 25 at 6. The Commissioner does not object to the adjusted hourly rates sought, and they are within the rates permitted by the EAJA. Doc. 26 at 1. The Court finds the rates of $190.35 per hour in 2016 and $196.01 per hour in 2017 are appropriate and reasonable. Plaintiff's counsel also has submitted a schedule of hours that include an itemization of legal services performed. Doc. 25 at 8-9. After reviewing the description of the services provided, the Court concludes the time is reasonable and properly compensable.

The only contested issue here is whether the award of Plaintiff's EAJA fees can be paid directly to her counsel. Docs. 26, 29. If awarded, EAJA fees belong to the prevailing party, not the party's attorney. *Astrue v. Ratliff*, 560 U.S. 586, 593-98 (2010) (concluding the EAJA awards fees to a litigant, not to a litigant's attorney); *Panola Land Buying Ass'n v. Clark*, 844 F.2d 1506, 1511 (11th Cir. 1988) (holding the EAJA's statutory language "manifests Congress' intent that the prevailing party's lawyer is not considered to be an applicant under the EAJA"). The Commissioner has paid EAJA fees, however, to the prevailing party's attorney when "the [party] does not owe a debt to the government and assigns the right to receive the fees to the attorney." *Ratliff*, 560 U.S. at 597.

An assignment of EAJA fees must satisfy the Anti-Assignment Act, 31 U.S.C. § 3727, because these fees are awarded against the United States. 31 U.S.C. § 3727(a). The statute states:

> An assignment may be made only after a claim is allowed, the amount of the claim is decided, and a warrant for payment of the claim has been issued. The assignment shall specify the warrant, must be made freely, and must be attested to by 2 witnesses. The person making the assignment shall acknowledge it before an official who may acknowledge a deed, and the official shall certify the assignment. The certificate shall state that the official completely explained the assignment when it was acknowledged. An assignment under this subsection is valid for any purpose.

31 U.S.C. § 3727(b). Accordingly, an assignment executed before a court determines EAJA fees is invalid under the Anti-Assignment Act and voidable at the government's discretion. *Id.*; *Meola v. Comm'r of Soc. Sec.*, No. 5:11-CV-421-Oc-PRL, 2012 WL 4077874, at *2 (M.D. Fla. Sept. 17, 2012) (citing *Delmarva Power & Light Co. v. United States*, 542 F.3d 889, 893-94 (Fed. Cir. 2008); *Cadwalder v. United States*, 45 F.3d 297, 299 (9th Cir. 1995)).

Here, the parties agree Plaintiff's assignment of EAJA fees is invalid because it was executed before the Court's determination of EAJA fees. Docs. 26 at 3-4, 29 at 2. The Commissioner has exercised her discretion to reject Plaintiff's assignment of EAJA fees. Doc. 26; *see Meola*, 2012 WL 4077874, at *2 (citing *Delmarva Power & Light*, 542 F.3d at 893-94; *Cadwalder*, 45 F.3d at 299)). Accordingly, the Court will award attorney's fees of $5,065.14 to Plaintiff and order the fees to be paid to Plaintiff, not to Plaintiff's counsel.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Plaintiff's Motion for EAJA Fees pursuant to 28 U.S.C. 2312(d) (Doc. 25) is **GRANTED in part and DENIED in part**.

2. Attorney's fees **in the total amount of $5,065.14** shall be awarded to Plaintiff pursuant to the EAJA, 28 U.S.C. § 2412(d). **If the United States Department of the Treasury determines that Plaintiff does not owe a federal debt, and the Commissioner decides to waive the Anti-Assignment Act provisions, the Government may accept Plaintiff's assignment of EAJA fees and pay fees directly to Plaintiff's counsel**.

3. The Clerk is directed to enter judgment for Plaintiff as to attorney's fees in the amount of $5,065.14 under the Equal Access to Justice Act, 28 U.S.C. § 2412(d).

**DONE** and **ORDERED** in Fort Myers, Florida on this 6th day of October, 2017.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record